UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUSTAVO NAVARRETE-RACHED, : | |
| Plaintiff, : | Civil Action No. 13-7678 (RMB) |
| v. : | **MEMORANDUM OPINION AND ORDER** |
| UNITED STATES OF AMERICA, : | |
| Defendant. : | |

This matter comes before the Court upon Plaintiff's submission of a document titled "Application for Suspension of Deportation." See Docket Entry No. 1. Plaintiff is a native and citizen on Mexico and a United States permanent resident; he is currently serving his federal prison term imposed by the United States District Court for the Western District of Missouri. See id. at 2-3. Since Plaintiff's penal term is expiring on January 14, 2014, and his conviction might give rise to removal proceedings, see id. at 4, Plaintiff commenced the instant matter in the hope of preventing such removal proceedings and/or to invalidate his potentially upcoming order removal. See id.

This Court is without subject matter jurisdiction to hear challenges to any removal order, even if it was actually entered and became final. Section 1252(g), as amended by the REAL ID Act. Pub L. No. 10943, 119 Stat. 231 (2005), explicitly bars judicial review of three classes of actions and decisions committed to the Government's discretion: "the 'decision or

action to commence proceedings, adjudicate cases, or execute removal orders.'" Chehazeh v. Att'y Gen., 666 F.3d 118, 134 (3d Cir. 2012) (quoting Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). Therefore, if Plaintiff's removal proceedings are commenced and result in an order of removal, and Plaintiff duly exhausts his administrative remedies before the Board of Immigration Appeals but remains unsatisfied with the outcome, he shall file a timely petition for review with the federal court of appeals having jurisdiction over the immigration judge who would enter his removal order. See REAL ID Act, 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act").

Since, at this juncture, Plaintiff's order of removal is purely hypothetical, this Court cannot construe his application at bar as a petition for review and, therefore, cannot direct a transfer of his application to an appropriate court of appeals.[1]

IT IS on this **7th** day of **January 2014**,

---

[1] This Court has no certainty that Plaintiff's removal proceedings would take place in the Western District of Missouri and, thus, be proper if his petition is filed with the Eighth Circuit. Moreover, until Plaintiff's order of removal finalizes, no court of appeals would have jurisdiction to address Plaintiff's petition for review. See 8 U.S.C. § 1252(a)(1).

2

**ORDERED** that Plaintiff's application is denied for lack of jurisdiction; and it is further

**ORDERED** that no transfer of Plaintiff's application is warranted in light of the application being facially unripe; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**